

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00325-CV
_____

IN THE INTEREST OF O.J.N., A CHILD

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. DC-2022-FM-0905, Honorable Mark Hocker, Presiding

December 19, 2022

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Katelyn Hannah, appeals from an *Order in Suit Affecting the Parent-Child Relationship* issued by the trial court. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the order on July 25, 2022. Hannah timely filed a motion for new trial. Hannah's notice of appeal was, therefore, due within ninety days after the order was signed, i.e. by October 24, 2022. *See* TEX. R. APP. P. 4.1(a), 26.1(a). Hannah filed a notice of appeal on October 27, 2022. The following day, Hannah electronically submitted a motion for an extension of time to file her late notice of appeal. The Clerk of

this Court rejected the motion, however, as it failed to include a certificate of service and a certificate of conference as required by the appellate rules. *See* TEX. R. APP. P. 10.1(a)(4), (5). Hannah was notified of these deficiencies and was directed to correct and file the motion by October 31, 2022. Hannah never filed a corrected motion for extension.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1. We may extend the time to file a notice of appeal by fifteen days if an appellant files a notice of appeal and a motion for an extension of time that reasonably explains the need for an extension. TEX. R. APP. P. 26.3, 10.5(b). A motion for extension is implied if the notice of appeal is filed within fifteen days after the notice deadline. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, an appellant must still reasonably explain the delay in filing the notice of appeal when a motion for extension is implied. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

By letter of November 17, 2022, we notified Hannah that a motion for extension was implied because her notice of appeal was filed within fifteen days of the appellate deadline. We, thus, directed her to file a written response explaining why her notice of appeal was filed untimely. We advised Hannah that if she did not file a response by November 30, we would dismiss the appeal for want of jurisdiction. Hannah has not filed a response to date.

Because Hannah failed to provide a reasonable explanation for her untimely notice of appeal, we cannot grant an implied motion for extension. *See* TEX. R. APP. P. 26.3, 10.5(b); *Phillips v. Gunn*, No. 07-14-00094-CV, 2014 Tex. App. LEXIS 4027, at *2–3 (Tex. App.—Amarillo Apr. 11, 2014, no pet.) (mem. op.). And, as her late notice of appeal failed

to invoke the jurisdiction of this Court, we dismiss the appeal for want of jurisdiction. *See*

TEX. R. APP. P. 42.3(a).

For these reasons, the appeal is dismissed.

Per Curiam